STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF LAURENS )
)
Andrew G. Turner )  CIVIL ACTION COVERSHEET
Plaintiff(s) )
) 2016-CP-30-__892__
vs. )
)
Laurens County Sheriff's Office, )
Laurens County Fire Service, & Lt. Jawarski )
Shelton, individually, )
Defendant(s) )

Submitted By: The LAW OFFICES OF THOMAS M. CREECH, JR., LLC
PO Box 10411
Greenville, SC 29603

SC Bar #: 13797
Telephone #: 864-235-4999
Fax #: 864-235-4991
Other:
E-mail: tmcreech@bellsouth.net

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete

- [x] JURY TRIAL demanded in complaint.    [ ] NON-JURY TRIAL demanded in complaint.
- [ ] This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- [x] This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- [ ] This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| Constructions (100) | Dental Malpractice (200) | Conversion (310) | Claim & Delivery (400) |
| Debt Collection (110) | Legal Malpractice (210) | Motor Vehicle Accident (320) | Condemnation (410) |
| General (130) | Medical Malpractice (220) | Premises Liability (330) | Foreclosure (420) |
| Breach of Contract (140) | Previous Notice of Intent Case # 20___-NI-___-___ | Products Liability (340) | Mechanic's Lien (430) |
| Fraud/Bad Faith (150) | | Personal Injury (350) | Partition (440) |
| Failure to Deliver/Warranty (160) | Notice/File Med Mal (230) | Wrongful Death (360) | Possession (450) |
| | Other (299) ___ | Assault/Battery (370) | Building Code Violation (460) |
| Employment Discrim (170) | | Slander/Libel (380) | Other (499) ___ |
| Employment (180) | | [x] Other (399) False Arrest | |
| Other (199) ___ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| PCR (500) | Reinstate Drv. License (800) | Death Settlement (700) | Arbitration (900) |
| Mandamus (520) | Judicial Review (810) | Foreign Judgment (710) | Magistrate-Civil (910) |
| Habeas Corpus (530) | Relief (820) | Magistrate's Judgment (720) | Magistrate-Criminal (920) |
| Other (599) | Permanent Injunction (830) | Minor Settlement (730) | Municipal (930) |
| | Forfeiture-Petition (840) | Transcript Judgment (740) | Probate Court (940) |
| | Forfeiture—Consent Order (850) | Lis Pendens (750) | SCDOT (950) |
| | Other (899) | Transfer of Structured Settlement Payment Rights Application (760) | Worker's Comp (960) |
| | | | Zoning Board (970) |
| | | | Public Service Comm. (990) |
| Special/Complex /Other | | Confession of Judgment (770) | Employment Security Comm (991) |
| Environmental (600) | Pharmaceuticals (630) | Petition for Workers Compensation Settlement Approval (780) | |
| Automobile Arb. (610) | Unfair Trade Practices (640) | | Other (999) |
| Medical (620) | Out-of State Depositions (650) | Other (799) ___ | |
| Other (699) ___ | Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| Sexual Predator (510) | Pre-Suit Discovery (670) | | |
| Permanent Restraining Order (680) | | | |

Submitting Party Signature: _____    Date: 11-14-16

SCCA / 234 (03/2016)                                     Page 1 of 2

LYNN W. LANCASTER

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | 8th JUDICIAL CIRCUIT |
| COUNTY OF LAURENS  2016 NOV 14 P 3:52 | ) | |

2016 NOV 14 P 3:52

LAURENS COUNTY
CLERK OF COURT

Andrew G. Turner,                           )   Case No.: 2016-CP-30-___892___
                                            )
            Plaintiff,                      )   SUMMONS
Vs.                                         )   (JURY TRIAL DEMANDED)
                                            )
Laurens County Sheriff's Office,            )
Laurens County Fire Service, & Lt.          )
Jawarski Shelton, individually,             )
            Defendants.                     )

**TO THE DEFENDANTS ABOVE-NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is served upon you, and to serve a copy of your Answer on the subscriber at their offices at: P. O Box 10411, Greenville, SC 29603 within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint in the time aforesaid, a judgment by default will be rendered against you for the relief demanded in the Complaint.

LAW OFFICES OF THOMAS M. CREECH, JR. LLC

_____
Thomas M. Creech Jr.  (SC Bar No. 13797)
ATTORNEY FOR PLAINTIFF
124 Edinburgh Court, Suite 109
PO Box 10411 (29603)
Greenville, SC 29607
Telephone:   864-235-4999
Facsimile:   864-235-4991
tmcreech@bellsouth.net

Date: __11-14-16__

LYNN W. LANCASTER

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | 8th JUDICIAL CIRCUIT |
| COUNTY OF LAURENS  2016 NOV 14 P 3: 52 | ) | |
| | ) | |
| Andrew G. Turner, | ) | Case No.: 2016-CP-30-892 |
| | ) | |
| Plaintiff, LAURENS COUNTY CLERK OF COURT | ) | COMPLAINT |
| Vs. | ) | (JURY TRIAL DEMANDED) |
| | ) | |
| Laurens County Sheriff's Office, | ) | |
| Laurens County Fire Service, & Lt. | ) | |
| Jawarski Shelton, individually, | ) | |
| Defendants. | ) | |

COMES NOW THE PLAINTIFF, above-named, who, requesting a jury trial would show unto this honorable court:

## PARTIES & JURISDICTION

1. The plaintiff is a citizen and resident of the State of South Carolina and the County of Spartanburg, and a former Simpsonville firefighter.

2. Defendant Laurens County Sheriff's Office is a county or local governmental agency or subdivision located and operating in Laurens County, S.C. that provides law enforcement services in Laurens County, S.C.

3. Defendant Laurens County Sheriff's Office employs agents and employees in the state of South Carolina, including Lt. Jawarski Shelton. All acts of defendant Laurens County Sheriff's Office as described in this lawsuit, and that is relevant thereto, was done by employees and agents of the Laurens County Sheriff's Office and was done in the state of South Carolina.

4. At all times relevant to this lawsuit, the acts or omissions of the defendant Laurens County Sheriff's Office was performed by agents and employees of defendant Laurens County Sheriff's Office acting within the course and scope of their employment or agency with defendant Laurens County Sheriff's Office.

5. Defendant Jawarski Shelton is being sued in his individual capacity for acts he performed under color of state law while employed at the Laurens County Sheriff's Office.

6. Defendant Laurens County Fire Service is a county or local governmental agency or subdivision located in and operating out of Laurens County, S.C., that operates or manages various fire departments in Laurens County, S.C., including the Durbin Creek

1

Fire Department that provides fire protection and fire services in Laurens County, South Carolina.

7. Defendant Laurens County Fire Service employs agents and employees in the State of South Carolina including Kurtis Thackston, Dale Millwood, and Ryan Thorne. All acts of Defendant Laurens County Fire Service as described in this lawsuit and that are relevant thereto were done by employees and agents of the Laurens County Fire Service and were done in the state of South Carolina.

8. At all times relevant to this lawsuit, the acts or omissions of the defendant Laurens County Fire Service were performed by agents and employees of defendant Laurens County Fire Service acting within the course and scope of their employment or agency with defendant Laurens County Fire Service.

9. The court has jurisdiction over the parties to this lawsuit.

10. The court has jurisdiction over the subject matter of this lawsuit.

## FACTS

11. All allegations in preceding paragraphs 1-10 are hereby re-alleged as if fully set forth here, where consistent.

12. At all times relevant herein, the plaintiff owned the real property ('the property") and structures, including an uninhabitable mobile home ("mobile home") thereon located at 1399 Meadowlark Lane, Laurens County, South Carolina.

13. At all times relevant herein, the real property and structures including a mobile home thereon located at 1399 Meadowlark Lane, Laurens County, South Carolina were unencumbered by any mortgage, note, and debt, secured or unsecured interest, or lien. The property including the mobile home was uninsured as well.

14. On or about November 15, 2014, Andrew Turner went to Durbin Creek Fire Department and spoke with Assistant Chief Dale Millwood about his intention to safely burn the mobile home Mr. Turner owned on the property located at 1399 Meadowlark Lane in Laurens County.

15. Later the same day of November 15, 2014, the plaintiff and Assistant Chief Millwood visited the plaintiff's property in order for Assistant Chief Dale Millwood to inspect and understand the plaintiff's request for permission to burn the mobile home on the plaintiff's property.

16. While at the property location on November 15, 2014, plaintiff was granted permission from Millwood to burn the mobile home.

17. Approximately 10 days later, on November 26, 2014, the plaintiff spoke with Ryan Thorn, also a fire fighter training officer at Durbin Creek Fire department, who

2

informed plaintiff that he could burn the mobile home on the property and to do so the next day, if plaintiff wanted to initiate the burn at that time, preferably in the morning.

18. On November 27, 2014, Mr. Turner thereafter prepared to burn the trailer located on the property by among other things building a fire line around the trailer so that the trailer could be burned safely.

19. On November 27, 2014, Mr. Turner began the fire at his property specifically to the mobile home at approximately 9:00 a.m.

20. Mr. Turner remained at the property at 1399 Meadowlark Lane, Fountain Inn, South Carolina at the scene of the fire to make sure it would not get out of control.

21. Mr. Turner video taped and took photographs of the whole scene of the fire at his property at 1399 Meadowlark Lane, Fountain Inn, South Carolina.

22. On November 27, 2014, Durbin Creek Fire department officials received a call about the fire on the property and responded to the property while the mobile home was burning. The plaintiff was present when Durbin Creek Fire Department officials arrived on scene while the burn was in progress.

23. The Durbin Creek Fire Department managed the fire eventually extinguishing said fire and informed the plaintiff that he could leave the site if he so desired and that everything was under control.

24. While managing and extinguishing the fire and after having informed the plaintiff that he could leave the scene if he wished, agents/employees of defendant Laurens County Fire Service –Durbin Creek Fire Department, called defendant Laurens County Sheriff's Office to request an investigation.

25. Defendant Laurens County Fire Service agents/employees namely Kurtis Thackston then began investigating the plaintiff in order to cause the plaintiff to be charged with arson.

26. Defendant Laurens County Fire Service agents/employees took statements of potential witnesses, took photographs of the fire and thereafter collaborated and assisted with the Laurens County Sheriff's Office in the criminal investigation of the plaintiff.

27. After the fire, law enforcement officers with the Laurens County Sheriff's Office were notified of the burn by Laurens County Fire Service Durbin Creek Fire Department officials. Laurens County Sheriff's Office investigator Jawarski Shelton began an investigation into the plaintiff for arson in burning the mobile home on November 27, 2014.

28. During the course of defendant Shelton's investigation, it would have been apparent to any reasonable law enforcement officer, including defendant Shelton that the plaintiff did not act with malice in burning the mobile home. Despite having no evidence that the plaintiff acted with malice in burning the mobile home, and therefore could not

be liable for the criminal offense of arson, defendant Shelton, with the full knowledge, support, encouragement, assistance, and cooperation of defendant Laurens County Fire Service, obtained a warrant for Mr. Turner's arrest and charged Mr. Turner with Arson in the 3rd degree, a felony, and caused Mr. Turner to be arrested for that offense.

29.     On December 8, 2014, Mr. Turner was detained and arrested by the Laurens County Sheriff's Office and charged with arson 3rd degree for burning the mobile on the property on November 27, 2014, even though there was no probable cause for the plaintiff to be charged or arrested.

30.     The plaintiff was later found not guilty of the arson charges.

31.     At all times relevant to this lawsuit, plaintiff never acted with malice, ill will, or had any criminal intent to commit the crime of arson and in fact had consent or permission to burn the mobile home on his property.

32.     As a result of defendants' actions, plaintiff was humiliated, embarrassed, forced to hire an attorney and incur legal expenses and other expenses, found it difficult to obtain employment while the charges were pending and suffered other harms, losses, and damages under the law.

### FOR A FIRST CAUSE OF ACTION
### False Arrest against Defendants Laurens County Sheriff's Office and Laurens County Fire Service

33.     All allegations in the preceding paragraphs are hereby re-alleged as if fully set forth here, where consistent.

34.     Defendants Laurens County Sheriff's Office and Laurens County Fire Service falsely arrested plaintiff or caused plaintiff to be falsely arrested without probable cause.

35.     Defendants Laurens County Sheriff's Office and Laurens County Fire Service false arrest of plaintiff was intentional.

36.     Defendants Laurens County Sheriff's Office and Defendant Laurens County Fire Service false arrest of plaintiff was unlawful.

37.     As a direct and proximate cause or result of defendants' Laurens County Sheriff's Office and Laurens County Fire Service false arrest of plaintiff, plaintiff was harmed and suffered damages.

38.     Plaintiff would therefore request that an amount of actual and punitive damages as determined by the jury be entered by the court in favor of the plaintiff and against the defendants Laurens County Sheriff's Office and Laurens County Fire Service on this cause of action.

## FOR A SECOND CAUSE OF ACTION
### Negligence/Gross Negligence/Recklessnes/Wantoness against Defendants Laurens County Sheriff's Office and Laurens County Fire Service

39. All allegations in the preceding paragraphs are hereby re-alleged as if fully set forth here, where consistent.

40. Defendants Laurens County Sheriff's Office and Laurens County Fire Service were negligent, grossly negligent, reckless, willful, and wanton in one or more of the following particulars:

   a. in failing to conduct an adequate and reasonable investigation before having the plaintiff charged with arson 3rd degree and arrested;

   b. in failing to train and supervise its employees;

   c. in failing to apply due care in the situation;

   d. in failing to follow its policies;

   f. in failing to adopt policies that would have prevented the plaintiff's detention, arrest

   g. in other ways that may be ascertained during the discovery phase of this lawsuit;

41. As a direct and proximate result of defendants Laurens County Sheriff's Office and Laurens County Fire Service, negligence, gross negligence, willfulness, recklessness, and wantonness, plaintiff was harmed and damaged.

42. Plaintiff would therefore request that an amount of actual and punitive damages as determined by the jury be entered by the court in favor of the plaintiff and against the defendants Laurens County Sheriff's Office and Laurens County Fire Service, on this cause of action.

## FOR A THIRD CAUSE OF ACTION
### False Imprisonment against Laurens County Sheriff's Office and Laurens County Fire Service

43. All allegations in the preceding paragraphs are hereby re-alleged as if fully set forth here, where consistent.

44. Defendants Laurens County Sheriff's Office and Laurens County Fire Service unlawfully restrained or caused the plaintiff to be unlawfully restrained and falsely imprisoned.

5

45. Defendants Laurens County Sheriff's Office and Laurens County Fire Service unlawful restraint of plaintiff or causing plaintiff to be unlawfully restrained was intentional.

46. Defendants Laurens County Sheriff's Office and Laurens County Fire Service restraint or causing plaintiff to be restrained was unlawful.

47. As a direct and proximate cause or result of defendants' Laurens County Sheriff's Office and Laurens County Fire Service false imprisonment of plaintiff, plaintiff suffered harms and damages including humiliation, emotional distress, embarrassment, and other harms and losses.

48. Plaintiff would therefore request that an amount of actual and punitive damages as determined by the jury be entered by the court in favor of the plaintiff and against the defendant Laurens County Sheriff's Office on this cause of action.

### FOR A FOURTH CAUSE OF ACTION
### Malicious Prosecution against Laurens County Sheriff's Office

49. All allegations in preceding paragraphs are hereby re-alleged as if fully set forth here, where consistent.

50. On behalf of or at the instance of, the defendants Laurens County Sheriff's Office and Laurens County Fire Service, through its agents and employees, instituted or caused to be instituted original judicial proceedings by having plaintiff charged with and arrested for the crime of arson when there was no probable cause that the plaintiff had committed the crime of arson.

51. The arson charge was terminated in favor of the plaintiff.

52. Defendants Laurens County Sheriff's Office and Laurens County Fire Service acted with malice in instituting or causing to be instituted the arson charges against the plaintiff.

53. There was no probable cause to charge, or believe, that plaintiff acted with malice or committed the crime of arson.

54. As a direct and proximate cause or result of defendants' Laurens County Sheriff's Office and Laurens County Fire Service prosecution of plaintiff without probable cause, plaintiff was harmed and suffered damages.

55. Plaintiff would therefore request that an amount of actual and punitive damages as determined by the jury be entered by the court in favor of the plaintiff and against the defendants Laurens County Sheriff's Office and Laurens County Fire Service on this cause of action.

## FOR A FIFTH CAUSE OF ACTION
### 42 U.S.C. §1983-Violation of Civil Rights 4th Amendment
### Against Defendant Shelton

56.    All allegations in preceding paragraphs are hereby re-alleged as if fully set forth here, where consistent.

57.    At all times that individual defendant Jawarski Shelton investigated and obtained an arrest warrant for the plaintiff and caused the plaintiff to be arrested, Jawarski Shelton was employed by the Laurens County Sheriff's Office and acting under color of state law and pursuant to law enforcement duties.

58.    While acting under color of state law, defendant Shelton obtained an arrest warrant without probable cause for the plaintiff and thereafter caused the plaintiff to be arrested without probable cause thereby depriving the plaintiff of his constitutional right under the 4th amendment of the United States Constitution to be free from an unconstitutional arrest and seizure of his person in violation of the 4th Amendment.

59.    As a direct and proximate cause of defendant Shelton's violating the plaintiff's constitutional rights under the 4th Amendment by causing an illegal/unconstitutional arrest, the plaintiff has been harmed and suffered damages.

60.    Plaintiff would therefore request that an amount of actual and punitive damages, as determined by the jury be entered by the court in favor of the plaintiff and against the defendant Jaworski Shelton on this cause of action. Plaintiff also requests that the court award the plaintiff an amount of reasonable attorney fees as well.

WHEREFORE, plaintiff Andrew Turner has suffered losses, emotional distress, and damages and is informed and would request that the court enter judgment in his favor and against the above listed Defendants for actual, special, and punitive damages, prejudgment interest, attorneys fees, and such other further relief as the Court may deem just and proper.

*[SIGNATURE BLOCK ON NEXT PAGE]*

Respectfully submitted,

LAW OFFICES OF THOMAS M. CREECH, JR. LLC

_____
Thomas M. Creech Jr.  (SC Bar No. 13797)
ATTORNEY FOR PLAINTIFF
124 Edinburgh Court, Suite 109
PO Box 10411 (29603)
Greenville, SC 29607
Telephone:   864-235-4999
Facsimile:    864-235-4991
tmcreech@bellsouth.net

Date: 11-14-16

The Plaintiff Demands a Jury Trial

_____
Thomas M. Creech, Jr.
Attorney for Plaintiff
11-14-16
Date

8